IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:08-00085 |
| ) | |
| THE STATE OF TENNESSEE; RILEY ) | |
| DARNELL, SECRETARY OF STATE OF ) | |
| THE STATE OF TENNESSEE, in his official ) | |
| capacity; BROOK THOMPSON, ) | |
| COORDINATOR OF ELECTIONS OF ) | |
| THE STATE OF TENNESSEE, ) | |
| in his official capacity, ) | |
| ) | |
| Defendants. ) | |

## CONSENT DECREE

Plaintiff United States of America ("United States") initiated this action to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-6. The United States alleges violations of UOCAVA arising from Tennessee election officials' failure to provide certain eligible absent uniformed services voters and overseas voters ("UOCAVA voters") with sufficient opportunity to participate in Tennessee's February 5, 2008 presidential primary election.

The failure to timely mail overseas ballots to voters was due to several factors outside the control of the election officials. These factors include a change in the date of the State's

presidential preference primary to an earlier time without a corresponding change in the delegate-candidate qualifying deadline and a state law that allows delegate-candidates to have their petitions postmarked, rather than filed, by the deadline, coupled with a record number of delegate-candidate petitions that were filed. In light of these facts, the Defendants have stated a willingness to enter into this Consent Decree.

The United States and Defendants, through their respective counsel, have conferred and agree that this action should be settled without the delay and expense of litigation. The parties share the goal of providing UOCAVA voters with sufficient opportunity to participate in the upcoming federal primary election. Accordingly, the parties negotiated in good faith and hereby agree to the entry of this Consent Decree as an appropriate resolution of the UOCAVA claim alleged by the United States. Accordingly, the United States and Defendants stipulate and agree that:

1. This action is brought by the Attorney General of the United States on behalf of the United States pursuant to the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. §§ 1973ff to 1973ff-6, which provides, *inter alia*, that UOCAVA voters shall be permitted "to use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 42 U.S.C. § 1973ff-1.

2. This Court has jurisdiction pursuant to 42 U.S.C. § 1973ff-4 and 28 U.S.C. §§ 1345 and 2201.

3. Defendant State of Tennessee is obligated to comply with UOCAVA and ensure that UOCAVA voters have sufficient time to receive, cast and return their absentee ballots.

4. Defendant Riley Darnell is sued in his official capacity as the Secretary of State of the State of Tennessee. The Secretary of State is responsible for appointing the Coordinator of Elections, the chief administrative election officer of the state, "who shall serve at the pleasure of the secretary of state." Tenn. Code Ann. § 2-11-201(a).

5. Defendant Brook Thompson is sued in his official capacity as the Coordinator of Elections of the State of Tennessee. The Coordinator of Elections is the chief administrative election officer of the State of Tennessee and is responsible for assuring that elections in the state are conducted in accordance with the law. The Coordinator of Elections is also responsible for "obtain[ing] and maintain[ing] uniformity in the application, operation and interpretation of the [Tennessee Election Code]." Tenn. Code Ann. § 2-11-201(b). The Tennessee Coordinator of Elections has the duty to "[g]enerally supervise all elections;" to "[a]dvise election commissions, primary boards, and administrators of elections as to the proper methods of performing their duties;" to "[a]uthoritatively interpret the election laws for all persons administering them;" and to "[f]urnish instructions for election officials as to their duties in the conduct of elections." Tenn. Code Ann. § 2-11-202(1), (3), (4), and (8). The Coordinator of Elections is also responsible for determining the results of primary elections and certifying the names of political party nominees. Tenn. Code Ann. § 2-8-115.

6. On February 5, 2008, the State of Tennessee will conduct a federal primary election in which voters will participate in the selection of party nominees and party delegates for President of the United States.

3

7. Local election officials in the State of Tennessee have received timely requests for absentee ballots from qualified UOCAVA voters for the February 5, 2008 federal primary election.

8. In order to provide qualified UOCAVA voters a fair opportunity to vote by absentee ballot, election officials in Tennessee must mail the ballots to the voters sufficiently in advance of election day to allow the voters to receive, cast and return their absentee ballots by the deadline established under Tennessee law.

9. Under Tennessee law, absentee ballots must be received on the day of the election to be counted. Tenn. Code Ann. § 2-6-303. For the federal primary election on Tuesday, February 5, 2008, the deadline for receipt of absentee ballots is the close of the polls on election day, i.e., 8:00 p.m. Eastern Standard Time for all polling places in counties in the eastern time zone and 7:00 p.m. for all polling places in counties in the central time zone. Tenn. Code Ann. §§ 2-3-201, 2-6-303.

10. Based on data from the United States Postal Service, the Department of State, and the Military Postal Service Agency, the Federal Voting Assistance Program ("FVAP") of the Department of Defense has determined that states must provide no less than thirty days for the round-trip mail transit of a ballot to overseas locations to ensure voters have a reasonable opportunity to return the ballot in time to be counted. The FVAP recommends that states allow forty-five days for the round-trip transit of overseas ballots.

11. Forty-six of Tennessee's ninety-five counties did not mail absentee ballots to qualified UOCAVA overseas voters who had filed timely requests for such ballots sufficiently in advance of the February 5, 2008 federal primary election to allow voters to receive, cast, and

4

return the ballot to election officials in time to be counted under Tennessee law. According to information provided by the counties, approximately thirty percent of Tennessee's overseas ballots were not mailed to voters at least thirty days before the federal primary election.

12. The failure of county election officials in Tennessee to mail absentee ballots to qualified UOCAVA voters sufficiently in advance of February 5, 2008 to allow the voting and return of ballots by the close of the polls on election day will deprive United States citizens of an opportunity to vote in a federal primary election contrary to the provisions of UOCAVA.

13. To ensure that all citizens abroad protected under UOCAVA and qualified to vote in Tennessee have a reasonable opportunity to have ballots counted for the February 5, 2008 federal primary election, it is necessary for this Court to enter an order extending by ten days the deadline for receipt of ballots from UOCAVA voters outside the United States. Under this extension, absentee ballots from UOCAVA voters outside the United States received by the close of business on February 15, 2008, will be accepted and tabulated in the final federal primary election results.

14. This Consent Decree is final and binding as to all issues resolved herein.

WHEREFORE, the parties having freely given their consent, and the terms of the decree being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. For the February 5, 2008 federal primary election, the Defendants shall take such steps as are necessary to ensure that appropriate election officials accept for federal offices the Federal Write-in Absentee Ballot provided for in UOCAVA, 42 U.S.C. § 1973ff-2;

2. For the February 5, 2008 federal primary election, Defendants shall take such steps as are necessary to ensure that appropriate election officials count as validly cast ballots all those ballots, including Tennessee's State Special Write-in Absentee Voters' Ballots and Federal Write-in Ballots, cast by persons outside the United States who are qualified to vote in Tennessee pursuant to UOCAVA, provided such ballots are executed by February 5, 2008, and received by the close of business on February 15, 2008, and otherwise satisfy the requirements of Tennessee law. *all such ballots shall be preserved and secured by the respective county election officials. RSG* Notwithstanding the above, the federal primary election results may be formally certified based on ballots received by the close of the polls in any contest in which the number of outstanding absentee ballots from UOCAVA voters outside the United States could not mathematically alter the outcome, subject to amendment or re-certification for any contest where such ballots returned by the extended receipt deadline change the total of votes cast for any candidate;

3. The Defendants shall take such steps as are necessary to afford UOCAVA voters eligible to participate in the February 5, 2008 federal primary election a reasonable opportunity to learn of this Court's order by issuing a press statement for immediate release, posted immediately on the Secretary of the State's web site, and distributed to the Federal Voting Assistance Program, International Herald Tribune (http://www.iht.com), USA Today International (http://www.usatoday.com), Military Times Media Group (cvinch@navytimes.com; cvinch@armytimes.com; cvinch@airforcetimes.com; cvinch@marinecorpstimes.com); Overseas Vote Foundation (http://www.overseasvotefoundation.org/intro/), Stars and Stripes (http://www.estripes.com), and any other appropriate newspaper or news media in the State. The news release shall, at the least: (1) summarize this order; (2) provide appropriate contact

6

information at the Secretary of the State's office; (3) identify the contests for federal offices for the primary election and the candidates participating in those elections; and (4) notify UOCAVA voters that they can use the Federal Write-in Absentee Ballot in the February 5, 2008 federal primary election and where a Federal Write-in Absentee Ballot can be downloaded or obtained;

4. The Defendants shall file a report with this Court concerning the number of UOCAVA absentee ballots, including all State Special Write-in Absentee Voter's Ballots and Federal Write-in Absentee Ballots, by county, received and counted for the February 5, 2008 federal primary election within forty-five days of that election. This report will set forth the following information:

(a) the number of valid absentee ballots from UOCAVA voters, by county, received and counted before the close of the polls on Tuesday, February 5, 2008;

(b) the number of absentee ballots from UOCAVA voters, by county, received and counted after the close of the polls on February 5, 2008, but prior to the close of business on February 15, 2008;

(c) the number of absentee ballots from UOCAVA voters, by county, received later than the close of business on February 15, 2008; and

(d) the number of absentee ballots from UOCAVA voters, by county, that were not counted in the federal primary election and the reason those ballots were rejected by the county;

5. The Court shall retain jurisdiction over this action to enter such further relief as may be necessary for the effectuation of the terms of this Consent Decree.

The undersigned agree to entry of this Consent Decree:

7

For the Plaintiff, United States of America:

GRACE CHUNG BECKER
Acting Assistant Attorney General

EDWARD M. YARBROUGH
United States Attorney
Middle District of Tennessee

CHRISTOPHER COATES
Acting Chief, Voting Section

*/s/ P. Lakhani*
REBECCA J. WERTZ
PUJA LAKHANI
Trial Attorneys
Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
Phone: (202) 514-6331
Fax: (202) 307-3961
rebecca.j.wertz@usdoj.gov
puja.lakhani@usdoj.gov

For the Defendants:

*[signature]*
PHIL BREDESEN
Governor, State of Tennessee

*[signature]*
ROBERT E. COOPER, JR.
Tennessee Attorney General and Reporter

*[signature]*
RILEY DARNELL
Tennessee Secretary of the State

*[signature]*
BROOK THOMPSON
Tennessee State Election Coordinator

SO ORDERED this 30th day of January, 2008

*[signature]*
United States District Judge